Case 1:23-cv-00003   Document 74   Filed 11/07/24   Page 1 of 5

FILED
Clerk
District Court
NOV 07 2024
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IRWIN DUANE I TEREGEYO,<br><br>    Plaintiff,<br><br>v.<br><br>ADMISEN HADDY and DELONG AMBROS,<br><br>    Defendants. | Case No. 1:23-cv-00003<br><br>DECISION AND ORDER DENYING ADMISEN HADDY'S MOTION FOR RECONSIDERATION |

Before the Court is Defendant Admisen Haddy's Motion for Reconsideration (ECF No. 64) of this Court's denial of his Motion to Dismiss *pro se* Plaintiff Irwin Duane I Teregeyo's Second Amended Complaint ("SAC") for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 60(b). (*See* Motion to Dismiss, ECF No. 45; Mins., ECF No. 61.) Teregeyo did not file a response.

The Court took Haddy's Motion on the brief finding it appropriate to rule on the Motion without oral argument. (ECF No. 67.) After reviewing Haddy's Motion and appropriate authorities, the Court DENIES Haddy's Motion for Reconsideration pursuant to Rule 54(b) for the reasons stated herein.

I.     **FACTUAL BACKGROUND**

The Court incorporates the factual background outlined in the Court's Memorandum Decision denying Haddy's Motion to Dismiss. (ECF No. 73.)

Teregeyo is an inmate with the Commonwealth of the Northern Mariana Islands ("NMI") Department of Corrections ("DOC") starting in 2018. (IFP Appl. 5, ECF No. 1.) Teregeyo asserts a failure to protect claim in violation of the Eighth Amendment of the U.S. Constitution against Defendants Admisen Haddy and Ambros Delong. (SAC 5, ECF No. 43.) Although the date of the

underlying incident was October 18, 2022, Teregeyo did not file a grievance form with the DOC until November 19, 2023. (*Id.* at 10.)

Teregeyo included his filed grievance form in his SAC. (*Id.*) The grievance form DOC provided to him indicates it was revised in February 2020. (*Id.*) Teregeyo wrote in the description of grievance space, "I was assaulted by inmate Marlon Martin who is under Administrative Seg. on the day of Oct 18, 2022. Inmate Marlon Martin was released out to the general population by officer Admisen Haddy." (*Id.*) Teregeyo's requested action was "[t]o address this issue of officers incompetence." (*Id.*) Teregeyo signed and dated the grievance form November 19, 2023, and it was logged one day later. (*Id.*) DOC's response to Teregeyo's grievance, indicated in the same form, was that "[i]nmate Marlon Martin charged with DPS, Extended Administrative Segregation. Transfer Irwin Teregeyo to Pod 2 away from Marlon." (*Id.*) Once the grievance form was returned to Teregeyo, he appealed the decision, signed and dated the form November 21, 2023. (*Id.*) There is no written decision by DOC that follows under the "Administrative: Appeal Review" portion of the grievance form. (*Id.*)

Pertaining to the grievance process, Teregeyo was "told that [he] can write a grievance, but wasn't taught of its procedures. The rules, regulations, and procedures were never taught to [him]." (*Id.* at 12.) Further, when Teregeyo inquired about the grievance process, "Lt. Billy informed [him] that the prison handbook for the rules and regulations/procedures isn't available to the inmates as it is being revised." (*Id.*)

This Court orally denied Haddy's Motion to Dismiss pursuant to Rule 12(b)(6) for Teregeyo's failure to exhaust his administrative remedies and subsequently issued a Memorandum Decision.

## II. LEGAL AUTHORITY

### A. Motion for Reconsideration

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). Such power is consistent with Rule 54, which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1098 (D. N. Mar. I. 2011) (quoting Fed. R. Civ. P. 54(b)). Nonetheless, such "power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles*, 254 F.3d at 886. It is a "plenary power to be exercised in justice and good conscience, for cause seen by [the district court] to be sufficient." *Baldwin*, 823 F. Supp. 2d at 1098 (citations omitted).

Rule 54(b), however, does not specify the standards a district court should apply when reconsidering an interlocutory order and the Ninth Circuit has not established a standard of review. *In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F. Supp. 3d 783, 788 (D. Oregon 2022). "Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed." *Id.* "[W]hile the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling

under 54(b)." *Id.* (citing Steven S. Gensler & Lumen N. Mulligan, 2 Fed. R. of Civ. P., Rules and Commentary, Rule 54 (2022)).

Therefore, when reconsidering an interlocutory order, Ninth Circuit district courts have stated:

> "Motions to reconsider under Rule 54(b), while generally disfavored, may be granted if: (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision."

*Id.* (citations omitted).

In particular, the Court has the power to rescind an interlocutory order entered by reason of its own mistake. *See City of Los Angeles, Harbor Div.*, 254 F.3d at 887. Here, Haddy seeks the Court to reconsider its decision in denying his Motion to Dismiss because it overlooked Haddy's argument that Teregeyo failed to properly exhaust administrative remedies under *Woodford v. Ngo*, 548 U.S. 81 (2006) and that Teregeyo failed to meet his burden under *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), which would fall under the fourth reason to grant a motion to reconsider. (Mot. 6.)

**III.    APPLICATION**

Haddy argues that under Rule 60(b), the Court should reconsider its decision to deny his Motion to Dismiss because it is clear from the face of the complaint that the PLRA exhaustion of administrative remedies is not met under *Woodford* and that Teregeyo has failed to meet his burden under *Albino*. (Mot. 3.)

First, Rule 60(b) does not grant this Court authority to rescind an interlocutory order. Rule 60(b) states "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for a list of reasons including "mistake, inadvertence, surprise, or excusable neglect." Ninth Circuit district courts have found that where a party seeks reconsideration of an interlocutory and not final order—which this Court's decision denying Haddy's Motion to Dismiss is interlocutory—"Rule 54(b) provides the basis for possible reconsideration of that order." *Carlino v. CHG Med. Staffing, Inc.*, 634 F. Supp. 3d 895, 903 (E.D. Cal. 2022) (citing *Doutherd v. Montesdeoca*, No. 2:17-cv-02225, 2021 WL 1784917, at *2 (E.D. Cal. May 5, 2021)).

However, even reconsidering Haddy's Motion under the applicable Rule 54(b), the Court finds that none of the circumstances that would justify granting reconsideration under Rule 54(b) apply here. There are no material differences in fact or law different than that presented, there are no new material facts that occurred after the order issued, there has not been a change in the law, and there are no material facts that the Court failed to consider. Importantly, the Court considered both *Woodford* and *Albino* in its decision to deny Haddy's Motion to Dismiss, which was discussed in this Court's Memorandum Decision.

## IV.   CONCLUSION

For the reasons stated herein, the Court denies Haddy's Motion to Reconsider its decision to deny his Motion to Dismiss Teregeyo's SAC.

IT IS SO ORDERED this 7th day of November 2024.

_/s/ W. Manglona_
RAMONA V. MANGLONA
Chief Judge